OPINION
Defendant Richard Brockel appeals a judgment of the Court of Common Pleas of Richland County, Ohio, convicting and sentencing him for one count of gross sexual imposition after a bench trial. Appellant was originally indicted on four counts of gross sexual imposition in violation of R.C. 2907.05, but the court dismissed two counts because of speedy trial violations and found him not guilty of another count. Appellant assigns two errors to the trial court:
ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR NO. 1
 THE TRIAL COURT ERRED BY ADMITTING AND CONSIDERING IMPROPER EVIDENCE TO WHICH TRIAL COUNSEL OBJECTED.
ASSIGNMENT OF ERROR NO. 2
 THE TRIAL COURT ERRED WHEN IT CONVICTED RICHARD FOR OFFENSES WHICH OCCURRED IN COUNT I BECAUSE, ABSENT THE EVIDENCE OF ACTS ALLEGEDLY COMMITTED ON JUNE 28, 1996, THE STATE HAD INSUFFICIENT EVIDENCE TO PROVE THAT RICHARD COMMITTED COUNT 1.
Appellant was accused of molesting his fiance's two children, with whom he resided. The children were ages seven and five at the time of trial. Count one of the indictment alleged the gross sexual imposition occurred on or between June 30, 1995 and August 31, 1995. Count two alleged the conduct occurred on or between December 25, 1995 and April 7, 1996. Count three and count four alleged misconduct on or about June 28, 1996. Appellant was convicted only of count one. Counts three and four are the counts the trial court dismissed for speedy trial reasons.
 I
In his first assignment of error, appellant asserts the court admitted evidence far outside the scope of counts one and two of the indictment, for which he was tried. The court admitted evidence regarding counts three and four of the indictment, which it had already dismissed. Appellant urges the State introduced the evidence because it lacked sufficient evidence to substantiate its case against him on counts one and two.
The evidence of which appellant complains is the evidence appellant was arrested for alleged acts of child molestation occurring in March of 1996, as well as other allegations of sexual misconduct which did not occur during the time frame in counts one and two.
Appellant argues evidence of collateral offenses may not be received by the court as substantive evidence of the offence being tried, see State v. Hector (1969), 19 Ohio St.2d 167. R.C. 2545.59 and Evid.R. 404(B) provide evidence of other bad acts may not be presented in order to show the defendant's character, in order to prove the defendant acted in conformity with that character on a given occasion. The evidence may be received to show motive, intent, absent of mistake or accident, or common scheme plan or system.
The State points out appellant waived his right to a jury trial, and tried the matter before the trial court.
In State v. Eley (1996), 77 Ohio St.3d 174, the Ohio Supreme Court found where an action is tried to the bench, we may presume the judge considers only relevant, competent, and admissible evidence, Eley at 187, citing State v. Davis (1992),63 Ohio St.3d 44.
We have reviewed the record, and we find the trial court is entitled to the presumption it was able to separate the admissible from the inadmissible evidence. Further we find the admissible evidence presented against appellant was sufficient to sustain a conviction.
The first and second assignments of error are overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, P.J., Reader, J., and Wise, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed, and the cause is remanded to that court for execution. Costs to appellant.